UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL KENNEDY,

    Petitioner,       Civil No. 2:20-CV-13106
                           HONORABLE PAUL D. BORMAN

v.

BELINDA BRAHAM,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR COPIES AND FOR THE APPOINTMENT OF COUNSEL (ECF Nos. 3, 10, 17)

Robert Earl Kennedy, ("Petitioner"), presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for unarmed robbery, Mich. Comp. Laws § 750.530, and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. Before the Court is Petitioner's motion for copies of his petition, so that he can comply with the court filing requirements, and two motions for the appointment of counsel. (ECF Nos. 3, 10, 17.) For the reasons stated below, the motion for copies (ECF No. 3) is **DENIED AS MOOT**. The motions for the appointment of counsel (ECF Nos. 10, 17) are **DENIED WITHOUT PREJUDICE.**

1

Petitioner filed a motion requesting that copies of his petition be made, presumably for service upon respondent. In the present case, the petition was electronically served on respondent and the Michigan Attorney General. (ECF No. 7). There is no need for service copies in this case. Petitioner's request is denied as moot. *Petersen v. Kern Cnty. Dist. Att'y*, No. 119CV00975NONEJDP, 2020 WL 3035047, at *3 (E.D. Cal. June 5, 2020), *report and recommendation adopted*, No. 119CV00975NONEJDP, 2020 WL 4884076 (E.D. Cal. Aug. 20, 2020).

The two motions for the appointment of counsel are denied. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas corpus proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no

evidentiary hearing is necessary, the appointment of counsel in a habeas corpus case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas corpus action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner filed a petition for a writ of habeas corpus seeking relief on a claim that there was inadequate notice of the 4th Habitual Offender sentence enhancement and insufficient evidence to support the sentence enhancement. Petitioner also filed a reply to the State of Michigan's answer. Petitioner therefore has the means and ability to present his claim to the court. Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

The Court denies the motions for appointment of counsel without prejudice. The Court will reconsider Petitioner's motions if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

## ORDER

**IT IS HEREBY ORDERED** that the motion for copies (ECF No. 3) is **DENIED** as moot. The motions for appointment of counsel (ECF Nos. 10, 17) are **DENIED WITHOUT PREJUDICE**.

s/Paul D. Borman
**PAUL D. BORMAN**
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2021


## CERTIFICATE OF SERVICE

I hereby certify on September 27, 2021, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on September 27, 2021.

Carolyn M. Ciesla
Acting in the Absence of Deborah Tofil,
Case Manager to the Hon. Paul D. Borman
