UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL KENNEDY,

    Petitioner,　　　　　　　　　Civil No. 2:20-CV-13106
    　　　　　　　　　　　　　　　HONORABLE PAUL D. BORMAN

v.

BELINDA BRAHAM,

    Respondent.
_____/

## OPINION AND ORDER (1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Robert Earl Kennedy, ("Petitioner"), presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for unarmed robbery, Mich. Comp. Laws § 750.530, and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons that follow, the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

**I. BACKGROUND**

Petitioner was originally charged with two counts of armed robbery. Following a jury trial, petitioner was convicted of one count of the lesser offense of unarmed robbery, but the jury was unable to reach a verdict on the other armed

1

robbery count. (ECF No. 14-6, PageID.401-02). Petitioner also faced armed robbery charges and a larceny charge in other cases.

The trial court scheduled sentencing on the unarmed robbery conviction for March 26, 2018. A pretrial hearing was also scheduled on that day to discuss the disposition of the remaining charges. (ECF No. 22-1, PageID.787). At sentencing, petitioner's counsel filed a motion to strike the habitual fourth offender notice, citing that it had not been properly filed. (*Id.*, PageID.787-88). The trial judge indicated that counsel had "a good point" and stated that he was inclined to strike the habitual notice on the sentencing offense. (*Id.*, PageID.810). Petitioner's trial counsel noted that "the obvious elephant in the room is that there's three pending armed robberies that if the court grants the motion, um, there is no plea agreement." (*Id.*, PageID.808-09). Counsel noted that the prosecutor could also "repair the mistake that they may have made" as to the habitual offender notice on those pending robbery cases. (*Id.*, PageID.810-11). The judge also advised petitioner that he could end up "right back in the same place" as he was. (*Id.*, PageID.811). Petitioner could be subject to the twenty-five-year mandatory minimum on any of those pending charges. (*Id.*, PageID.812-13).

Rather than proceed to a retrial on the armed robbery count that the jury had been unable to reach a verdict on, or proceed to trial on the other untried cases, petitioner entered into a plea agreement to plead guilty to an additional count of

2

unarmed robbery and to plead guilty to being a fourth felony habitual offender. The parties agreed that petitioner would be sentenced, pursuant to the fourth habitual offender, to fourteen to twenty-one years on both unarmed robbery convictions, the one from the jury trial and the one from the guilty plea. Petitioner would not face retrial on the hung jury count of armed robbery or face trial on two additional counts of armed robbery, where he faced a mandatory minimum sentence of twenty-five years. Although the habitual offender notice was never officially filed in either case, petitioner waived this defect to avoid a potential longer sentence on the other armed robbery charges. (*Id.*, PageID.811-12).

      The trial court made sure to explain the parameters of the plea agreement to petitioner before he plead. (*Id.*, PageID.812-14). The trial judge, in fact, required that "the defendant has to express his acknowledgment and agreement with the same." (*Id.*, PageID.815). The judge refused to entertain the plea until petitioner made "it very clear to [the trial court] that you're okay with this." (*Id.*, PageID.812). Petitioner was later asked "is this…what you wanna [sic] do?" (*Id.*, PageID.815). Petitioner explicitly replied "Yes" and further indicated that he understood all of the conditions. (*Id.*, PageID.816). Petitioner agreed to allow his defense counsel to withdraw the motion objecting to the habitual offender notice and he was sentenced to concurrent sentences of 14-21 years. (*Id.*, PageID.812, 822).

Petitioner filed a motion asking that he be resentenced, on the ground that the prosecutor failed to file a timely notice that he intended to charge petitioner with being a fourth felony habitual offender. (ECF No. 14-8, PageID.430). The trial court subsequently denied his motion as follows:

> I think, Ms. Guittleman, the problem your client has here is that this—although we never resolved the issue of whether or not the habitual notice here was enforceable at that date, the open question about that was fully aired and discussed on the record and your client would have known and heard before he agreed to this deal that the People could have dismissed and re-filed, and the charging consequences for him would have been considerably more severe than the sentence offered here. And he agreed to do it that way. So it's what he agreed to. And if we didn't put everything on the record that we needed to, we aired out all of the potentially dirty linen if there was any, and I am not sure that there was, but if there was it was aired out, and he agreed to the procedure that we followed. He agreed to the sentence. I voir dired him carefully on all of those factors. And now I guess he by virtue of his most recently stated position here on the record just now, he doesn't want to withdraw his plea, but he wants to be resentenced, which is not going to happen. That's just is [sic] fundamentally unfair to the People and quite frankly, I think would be reversible error on my part. So, your motion, whatever it is for, is denied.

(*Id.*, PageID.435-36).

The conviction and sentencing were affirmed on appeal. *People v. Kennedy,* No. 347095 (Mich. Ct. App. May 28, 2019); *lv. den.*, 505 Mich. 870, 935 N.W.2d 340 (2019).

Petitioner now seeks a writ of habeas corpus on the following ground:

> The evidence was insufficient to support that the petitioner was a habitual fourth offender. The habitual fourth offender notice was never

filed. Trial counsel was ineffective for failing to object to the insufficient habitual notice, since one was never filed.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

In this case, the Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied the petitioner leave to appeal in a standard form order without any extended discussion.

Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require

6

that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99-100.

In the present case, the AEDPA deferential standard of review applies where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See *Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

### III. DISCUSSION

Petitioner asks this Court to vacate his habitual offender conviction because the habitual offender notice was not timely filed, in accordance Mich. Comp. Laws § 769.13.

Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law. *See Rodriguez v. Jones,* 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008). Petitioner's claim that he received inadequate notice of the habitual offender charge under Michigan law thus does not state a claim that is cognizable in federal habeas review. *See Tolbert v. LeCureaux,* 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993). Due process does not require advance notice that a trial on a substantive criminal charge will be followed by a habitual offender charge. Due process only requires that a defendant be given reasonable notice and opportunity to be heard relative to the habitual offender charge. *Oyler v. Boles,* 368 U.S. 448, 452 (1962).

Petitioner did not dispute, either at his sentencing, or more importantly, in his habeas petition, that he had prior convictions that would make him eligible to be sentenced as a habitual offender, nor did he object or seek a continuance based on the absence of advance notice of the sentence enhancement. Therefore, petitioner cannot complain that he was denied due process. *Oyler,* 368 U.S. at 453-54.

Petitioner's claim fails for a second reason. Petitioner agreed to waive the untimely filing of the habitual offender notice when he agreed to plead guilty to the habitual offender charge as part of a favorable plea and sentencing agreement.

8

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Seeger v. Straub*, 29 F. Supp. 2d 385, 390 (E.D. Mich. 1998). Petitioner's guilty plea to the habitual offender charge waives review of whether petitioner received inadequate notice of the habitual offender charge. *Tolbert v. LeCureaux*, 811 F. Supp. at 1241.

Petitioner in the alternative alleges that trial counsel was ineffective for failing to object to the improper habitual offender notice.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner's claim fails for two reasons.

First, trial counsel did object to the inadequate notice of the habitual offender charge at the beginning of the pre-trial conference.

More importantly, to the extent that trial counsel withdrew his objection to the untimely habitual offender notice, counsel was not ineffective in doing so in light of the favorable plea and sentence bargain that petitioner received in this case. *See Wood v. Neven*, 624 F. App'x 528, 529 (9th Cir. 2015). Petitioner is not entitled to relief on his claim.

The Court therefore denies the petition for a writ of habeas corpus.

The Court will deny petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment

10

of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability, because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus (ECF No. 1). The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

DATED: January 19, 2022